411 A.2d 1257

**COMMONWEALTH of Pennsylvania**

v.

**Daniel A. TITO, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1979.

Filed Oct. 12, 1979.

Petition for Allowance of Appeal Denied Feb. 25, 1980.

Bruce S. Miller, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

PER CURIAM:

After a nonjury trial, appellant was convicted of third degree murder. His post-trial motions were denied and he was sentenced to a term of imprisonment of 6 to 12 years. His direct appeal from the judgment of sentence is now before the Court.

Appellant contends that the verdict of the Court below is against the evidence and the weight of the evidence. That

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

18

contention is based upon the refusal of the trial court to credit appellant's defense of insanity.

We, of course, in order to evaluate the sufficiency of the evidence, are required to review the entire trial record. The evidence must be read in the light most favorable to the Commonwealth as verdict winner and the Commonwealth is entitled to all reasonable inferences arising from the evidence. The test of the sufficiency of the evidence is whether accepting as true all the evidence upon which, if believed, the factfinder could properly have based its verdict, it is sufficient in law to prove the accused's guilt beyond a reasonable doubt. Our review of the record in the light of these standards leads us to the conclusion that the judgment of sentence must be affirmed.

■ The law of Pennsylvania with respect to insanity defenses is well summarized in *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974). Our Supreme Court there said:

"The law in Pennsylvania is that in order to establish insanity, a defendant must still meet at least one part of the two-pronged *M'Naghten* test. There must be evidence in the case from whatever source that he did not know the nature and the quality of his act or that he did not know that it was wrong. When he offers evidence of that insanity, the Commonwealth can no longer rely upon a presumption of sanity, but instead must offer evidence to show that he was sane. However, that evidence can still be lay testimony which shows that he both knew the nature and quality of the act he had committed and that he knew that what he had done was wrong."

Once the Commonwealth offers testimony as to the accused's sanity, it is the factfinder's function to decide the weight and credibility of all of the testimony on the issue. *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286 (1972).

■ Appellant offered expert testimony on the issue of his sanity or lack thereof. The Commonwealth offered no ex-

pert testimony, instead choosing to rely on the lay testimony of a number of police officers who had contact with appellant shortly after the commission of the crime. Without rehearsing the testimony on the issue, we conclude that the lay testimony of the Commonwealth's witnesses, together with certain portions of the testimony of appellant's expert, was sufficient to justify the trial court's conclusion that the Commonwealth had met its burden of establishing appellant's sanity beyond a reasonable doubt.[1]

Judgment of sentence affirmed.

---

1. *See, Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979).